(No. 88-CC-4602—

CANTEEN TOWNSHIP, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 30, 1995.*
*Order filed May 20, 1996.*

PHILIP R. RICE, for Claimant.

JIM RYAN, Attorney General (EDWIN PURHAM, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

Claimant filed a two-count petition alleging, in the alternative, that Respondent either intentionally or negligently "demolished, tore-up and destroyed" the pavement of five of Claimant's streets—Park, Catherine, Ramey, Elm, and Major Streets—located within the Cahokia Mounds Historic Site. No formal responsive pleading was filed by Respondent to the petition, but Respondent did supply some cursory information about the streets in answering one of Claimant's interrogatories:

- asphalt was removed from Park Street in 1987 and 1988;
- asphalt was removed from Catherine Street in 1989;
- Ramey Street is used as the main driveway to Respondent's new museum;
- no changes were made to Elm Street; and
- Major Street, although platted, has never been constructed and does not physically exist.

Presently pending before the Court is a motion for summary judgment in which Respondent argues:

"Claimant does not hold sufficient legal title in the property in question as a matter of law to entitle them [sic] to any alleged damages."

No affidavits or deposition testimony have been offered by Respondent to support its motion. Rather, Respondent

has simply tendered a memorandum of law containing a copy of the 1941 subdivision plat which dedicated these five streets. In its memorandum of law, Respondent contends that Claimant is not the owner in fee simple of the streets and, therefore, that Claimant lacks standing to request damages for whatever harm Respondent might have done to the pavement of these streets.

Three basic principles of summary judgment guide a consideration of Respondent's motion:

1. Summary judgment is only appropriate when there is no genuine issue of material fact, and the moving party is otherwise entitled to judgment in its favor as a matter of law[1];

2. The movant has the burden of showing that, as a matter of law, it is entitled to summary judgment in its favor.[2]

3. The evidence under consideration in ruling on a motion for summary judgment is to be strictly construed against the moving party and liberally construed in favor of its opponent.[3]

Those principles of summary judgment in hand, the next area of law relates to the ownership ramifications which result when a street is dedicated to the public use.

The dedication of a street can take either of two forms: (1) a statutory dedication, which is created by the recording of a proper plat; or (2) a common law dedication, which results from other acts of a property owner. (*Kirnbauer v. Cook County Forest Preserve* (1st Dist. 1991), 215 Ill. App. 3d 1013, 1020, 576 N.E.2d 168, 173.)

---

[1] *Wright v. St. John's Hospital* (4th Dist. 1992), 229 Ill. App. 3d 680, 682-83, 593 N.E.2d 1070, 1072.

[2] *Id.*

[3] *Smith v. Armor Plus Co., Inc.,* (2nd Dist. 1993), 248 Ill. App. 3d 831, 839, 617 N.E.2d 1346, 1352.

The distinction between the two types of dedication is critical, for a statutory dedication conveys a fee simple to the public entity responsible for the street, while a common law dedication merely grants the public an easement for street purposes. (*Id.*, 215 Ill. App. 3d at 1020, 576 N.E.2d at 174.)[4] Here, the 1941 subdivision plat is determinative: if it strictly complied with the provisions of the Plat Act in effect at that time, it is a statutory dedication; but if it failed to comply with all of the Act's requirements, a common law dedication resulted. Ill. Rev. Stat. 1941, chap. 109, par. 3; see also I.L.P. Dedication sec. 36.

Respondent has not specified how it believes the 1941 subdivision plat failed to comply with the relevant provisions of the Plat Act, and a review of the plat does not disclose any patent defects. The plat purports to be signed by the owners of the land, seems to have been prepared and certified by a licensed surveyor, appears to contain all of the technical descriptions and specifications called for by the Act, and was recorded in the appropriate office.

Given the legal standards by which motions for summary judgment are considered, it cannot be said as a matter of law at this point that the 1941 dedication was anything other than a proper, statutory dedication. As such, this dedication must be presumed to have conveyed a fee simple in the five streets to the public entity responsible for maintaining them. Since Respondent has not demonstrated that some other body besides Claimant was, or is, the entity responsible for maintaining these streets, there is no option but to infer, for purposes of this motion, that

---

[4] Respondent's arguments about a "qualified fee" are inapposite. "Qualified fee" refers to the fact that Claimant is not legally capable of conveying its fee; in other words, all Claimant is allowed to do is to vacate the streets in accordance with the statutory provisions. But that legal principle has no bearing on this claim of alleged damage to the pavement of Claimant's streets, for Respondent has not attempted to argue that Claimant ever vacated those streets.

Claimant does have standing to bring this claim for the damage which Respondent allegedly did to the pavement of the streets.

Accordingly, the Court finds that Respondent has not sustained its burden of proof, and it is ordered that Respondent's motion for summary judgment is denied.

## ORDER

SOMMER, C.J.

This cause comes before the Court on the parties' joint stipulation for settlement which states:

This claim arises from damages by Canteen Township because of the State's incorporation of statutorily dedicated Canteen Township streets into the Cahokia Mounds State Historic Site.

The parties have investigated this claim, and have knowledge of the facts and law applicable to the claim, and are desirous of settling this claim in the interest of peace and economy.

Both parties agree that an award of $20,000 to Canteen Township is both fair and reasonable in exchange for Canteen Township's passage of a formal ordinance vacating all publicly dedicated streets which currently fall within the boundaries of the Cahokia Mounds State Historic Site.

Claimant agrees to pass a formal ordinance as described in the parties' joint stipulation for settlement and agrees to accept, and Respondent agrees to pay, $20,000 to Canteen Township in full and final satisfaction of this claim and any other claims against Respondent arising from the events which gave rise to this claim.

The parties hereby agree to waive hearing, the taking of evidence, and the submission of briefs.

This Court is not bound by such an agreement but it is also not desirous of creating or prolonging a controversy between parties who wish to settle and end their dispute. Where, as in the instant claim, the agreement appears to have been entered into with full knowledge of the facts and law and is for a just and reasonable amount, we have no reason to question or deny the suggested award.

It is hereby ordered that Claimant Canteen Township is awarded $20,000 in full and final satisfaction of this claim.